

FILED

JUN 11 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re ) No. 09-30237-A-7
)
)
JOSE GARCIA-RIVERA, )
)
    Debtor. )
)
)
)
_____ )

### MEMORANDUM

The debtor has filed an ex parte motion to reopen his chapter 7 case for the purpose of amending the schedules in order to list previously omitted creditors.

The petition was filed on May 21, 2009. The notice of the meeting of creditors informed the creditors that this was a "no-asset" case. Accordingly, creditors were instructed to not file proofs of claim.

The trustee ultimately filed a report of "no distribution," meaning that he had located no nonexempt assets that could be liquidated for the benefit of creditors and accordingly no dividend would be paid to them. The trustee's report was approved without objection.

Thus, this case was a "no-asset, no-bar-date-case." A creditor holding a claim otherwise dischargeable by the debtor had its claim discharged even though the creditor was not given notice of the bankruptcy because its claim was unscheduled. 11 U.S.C. § 727(b); <u>Beezley v. California Land Title Co. (In re</u>

Beezley), 994 F.2d 1433 (9th Cir. 1993); White v. Nielsen (In re Nielsen), 383 F.3d 922, 925 (9th Cir. 2004). It is unnecessary to reopen the case and amend the schedules in order to discharge the claim of an omitted creditor.

If the omitted creditor's claim could have been excepted from discharge by 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6), the debtor's failure to schedule the claim when the petition was filed meant that the omitted creditor did not receive notice of the deadline for filing a complaint. See 11 U.S.C. § 523(c); Fed. R. Bankr. P. 4007(b). Therefore, unless the omitted creditor had actual knowledge that the petition had been filed in time to file a timely dischargeability complaint, the failure to initially schedule the claim may mean it is nondischargeable. 11 U.S.C. § 523(a)(3)(B). Amending the schedules, however, will have no impact on the issue.

In short, merely reopening the case to permit the amendment of the schedules will have no effect whatever. The debtor does not need to amend the schedules. If the claim of an omitted creditor was otherwise dischargeable by a chapter 7 discharge, it was discharged even though the creditor was omitted from the schedules.

If the omitted creditor or the debtor wants a declaration that the claim is, or is not, made nondischargeable by section 523(a)(3)(B), one of them must file an adversary proceeding. See In re Costa, 172 B.R. 954 (Bankr. E.D. Cal. 1994).

In connection with the resolution of any such adversary proceeding, two questions must be determined. Did the omitted creditor have actual notice of the bankruptcy filing in

sufficient time to file a timely dischargeability complaint? See Fed.R.Bankr.P. 4007(c). And, if there was no actual notice of the petition, is its claim otherwise nondischargeable under 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6)?[1] If the omitted creditor had actual notice, or if its claim is not excepted from discharge by 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6), the court will declare that the omitted claim was discharged.

However, whichever declaration is appropriate, it can be given only in an adversary proceeding.

Therefore, the court will permit this case to be reopened. Because this was a "no-asset, no bar date" case, the unscheduled claims of the omitted creditor were discharged unless they are made nondischargeable under section 523(a)(3)(B). To obtain a declaration that an omitted claim is not (or is) made nondischargeable by section 523(a)(3)(B), the debtor (or the omitted creditor) must file, serve, and prevail in an adversary proceeding. The only reason to reopen the case is to permit the filing of such an adversary proceeding.

Dated: 11 June 2010

By the Court

_____
Michael S. McManus
United States Bankruptcy Judge

---

[1] If the omitted creditor is claiming the debts are non-dischargeable under 11 U.S.C. § 523(a)(1), (5), (7)-(15), (16), (17), the creditor cannot be prejudiced by the omission of its claim in a "no asset" case. Unlike section 523(a)(2),(4) or (6), there is no deadline for the filing of such dischargeability complaints and nonbankruptcy courts may determine whether the debts fall into the exceptions enumerated in section 523(a)(1), (5), (7)-(15), (16), (17). 11 U.S.C. § 523(c)(1); Fed.R.Bankr.P. 4007(c).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

Service List

This document does not constitute a certificate of service. The parties listed below will be served a separate copy of the attached document by the Bankruptcy Noticing Center.

Jose Garcia-Rivera
2624 Eagle Rock Cir
Stockton, CA 95209

Peter C. Pappas
2400 Sycamore Dr #40
Antioch, CA 94509-2943

Michael D. McGranahan
PO Box 5018
Modesto, CA 95352

EDC 3-073 (New 6/3/09)