FILED
December 02, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003935468

HEIDI COAD-HERMELIN (SBN: 161510)
HERMELIN LAW FIRM
Old City Hall Building
706 Main Street, Suite C
Martinez, California 94553
Telephone: (925) 228-6500
Facsimile: (925) 228-6507

Attorneys for Debtor
Jose Garcia-Rivera

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

In Re:

JOSE GARCIA-RIVERA,

    Debtor.

Case No. 09-30237
Chapter 7

**DEBTOR'S MOTION TO COMPEL TRUSTEE TO ABANDON ASSET OF ESTATE**

Date: January 3, 2012
Time: 10:00 am
Location: Sacramento Division
    501 "I" Street, 7th Floor, Courtroom 28
    Sacramento, CA 95814
Judge: Hon Michael S. McManus

Debtor hereby moves the Court-Appointed Trustee to abandon an asset of the Estate. Debtor requests abandonment of the Trustee's Interest in Debtor's Claims against GARY GRAMESPACHER, individually and DBA, CAL STATE AUTO SALES & LEASING, LLC; STEVE ARELLIANO, individually and DBA, CAL STATE AUTO SALES & LEASING, LLC; and CAL STATE AUTO SALES & LEASING, LLC (hereinafter "Defendants").

The Claims against Defendants concern a general partnership (hereinafter "PARTNERSHIP") entered into between PLAINTIFF and GARY GRAMESPACHER and STEVE ARELLIANO on or about September 10, 2008, in Contra Costa County, in the State of California for the purposes of

conducting automotive sales and leasing to the public. The partnership was named "CAL STATE AUTO SALES AND LEASING II". The PARTNERSHIP was to commence business on September 15, 2008 with its principle place of business at 3701 Railroad Avenue, Pittsburg, California. The terms of the PARTNERSHIP agreement specified that each partner had a one-third (1/3/) interest in the PARTNERSHIP. The partnership agreement specified that if PARTNERSHIP property is taken in the name of a nominee or of any individual Partner, the assets shall be considered to be owned by the PARTNERSHIP and all beneficial interest shall accrue to the Partners.

The Debtor filed for protection under Chapter 7, title 11 of the United States Bankruptcy laws on May 21, 2009. In his initial Schedule B, he listed as an asset under number 35 "any additional Property to aggregate of $19,750.00". The Trustee, Michael McGranahan, filed his Trustee's Report of No Distribution on or about July 7, 2009. At the time, the Debtor filed for bankruptcy he did not understand that he had viable claims against the Defendants and did not know that he was required to list the potential claims as no demand had been made and no suit filed.

On September 16, 2010, Debtor filed a Complaint against Defendants in Contra Costa County for Breach Contract, Fraud, Breach of Fiduciary Duty, Partnership Accounting, Dissolution of Partnership and Constructive Trust. The Defendants filed a Demurrer to the State Court action stating that the claim had not been abandoned by the Bankruptcy Court. In response, Debtor's initial bankruptcy attorney Peter C Pappas re-opened Debtor's bankruptcy case and filed an Amended Schedule B and C. A copy of those Amendments are attached hereto as Exhibit A. In those amendments, the Debtor listed his claims against the Defendants. Thereafter, the Bankruptcy case closed again. Despite the amendment, the state court judge found that the claim had not been abandoned because an Amended Summary had not been filed. An Amended Summary has since been filed.

### LAW

On the request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. *11 USC §554(b)*

Debtor has provided the Trustee with copies of the Complaint and Partnership Agreement and additional information that he has requested about the claims. The Trustee has indicated that he will not

oppose the Motion to Compel Abandonment based upon his review of the information about the claims.

Expense of Litigation

Debtor has valued his claims as approximately $220,000.00. This figure is based upon limited information received from the Defendants. The litigation has been expensive to date exceeding $7,800 and no formal discovery has been completed. The action will require the use of a forensic accountant at a cost of at least $10,000 to determine the profits that were realized and the value of the partnership at the time it was terminated. This valuation will necessarily include expert testimony regarding the value of vehicles owned by the partnership, requiring possible additional expert testimony. The legal issues involved are also complex. It must be determined if Debtor was a partner vs an employee as the Defendants assert and when the partnership ended.

Chance of Recovery

The Defendants have vigorously opposed the litigation asserting no liability. In a letter sent to the Trustee, the Defendants attorney asserts that the Defendants have cross-claims against the Debtor and that the partnership was not profitable and suffered a loss. (See Exhibit B attached hereto). The Defendants have also claimed poverty. At least one of the Defendants has asserted that he will file his own bankruptcy if he is unsuccessful. While an initial settlement offer was extended by the Defendants, in an amount that would barely cover out of pocket costs to date, even that offer was withdrawn.

Debtor's Exemption

Debtor has claimed an exemption in the amount of $21,725 which would further reduce the value of the claims to the Estate.

## CONCLUSION

Given the cost of the litigation, uncertainty of collection and exemption filed by the Debtor, it is clear that the Claims are of inconsequential value and benefit to the estate, satisfying *11 USC §554(b)*.

Dated November 30, 2011

*/s/ Heidi Coad-Hermelin*
Heidi Coad-Hermelin

Debtor declares under penalty of perjury that the above-stated facts are true and correct.

Dated: December 2, 2011

By _____
/s/ Jose Garcia-Rivera
JOSE GARCIA-RIVERA
Debtor

EXHIBIT A

B6B (Official Form 6B) (12/07)

IN RE Garcia-Rivera, Jose
Debtor(s)

Case No. 2009-

FILED
July 12, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002770647

# AMENDED SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank of The West 5476 | | 100.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | | Household goods at residence | | 5,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Wearing apparel | | 1,200.00 |
| 7. Furs and jewelry. | | Jewelry on person | | 1,350.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 1/3 interest in Cal State Auto Sales & Leasing | | 220,000.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |

# AMENDED SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

2

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# AMENDED SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | TOTAL | 227,650.00 |

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

___0___ continuation sheets attached

3

B6C (Official Form 6C) (04/10)

IN RE Garcia-Rivera, Jose
Debtor(s)

Case No. 2009-30237
(If known)

# AMENDED SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. § 522(b)(2)
☒ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $146,450. *

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| Bank of The West 5476 | CCCP § 703.140(b)(5) | 100.00 | 100.00 |
| Household goods at residence | CCCP § 703.140(b)(3) | 5,000.00 | 5,000.00 |
| Wearing apparel | CCCP § 703.140(b)(3) | 1,200.00 | 1,200.00 |
| Jewelry on person | CCCP § 703.140(b)(4) | 1,350.00 | 1,350.00 |
| 1/3 interest in Cal State Auto Sales & Leasing | CCCP § 703.140(b)(5) | 21,725.00 | 220,000.00 |

* Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re )
)
JOSE GARCIA-RIVERA )
) Case No. 09-30237
)
 Debtor(s). )
) **AMENDMENT COVER SHEET**

Amendment(s) to the following petition, list(s), schedule(s), or statement(s) are attached hereto:
- ☐ Petition
- ☐ Creditor Matrix
- ☐ List of 20 Largest Unsecured Creditors
- ☐ Schedules (check appropriate boxes). *See Instruction #4 below.*
  - ☐ A  ☐ B  ☐ C  ☐ D  ☐ E  ☐ F  ☐ G  ☐ H  ☐ I  ☐ J
- ☒ Summary of Schedules (includes Statistical Summary of Certain Liabilities and Related Data) ***REQUIRED IF AMENDING SCHEDULE(S) A, B, D, E, F, I, OR J.***
- ☐ Statement of Financial Affairs
- ☐ Statement of Intention
- ☐ List of Equity Security Holders

Purpose of amendment (check one):
- ☐ To add pre-petition creditors, delete creditors, change amounts owed or classification of debt ($26.00 fee required, provided the judge may, for good cause, waive the charge in any case.) NOTE: Lists, schedules and statements that add or change creditors **must** be accompanied by an amended matrix listing only the creditors added or changed.
- ☒ No pre-petition creditors were added, creditors deleted, or amounts owed or classifications of debt changed.

### NOTICE OF AMENDMENT TO AFFECTED PARTIES

Pursuant to Federal Rule of Bankruptcy Procedure 1009(a), I certify that notice of the filing of the amendment(s) checked above has been given this date to the Trustee in this case, and to any and all entities affected by the amendment, together with a copy of the notice of meeting of creditors, the discharge (if one has been entered), a subsequent notice to file claims (if one has been issued), and any other document affecting the rights of the added creditors. (NOTE: Proof of service, indicating that service has been made, must be filed with the Court.)

Dated: 9/6//2011  Attorney's [or *Pro Se* Debtor's] Signature: /s/ Peter C. Pappas
Printed Name: Peter Tsompanas
Mailing Address: 2400 Sycamore Drive
Antioch, CA 94509

### DECLARATION BY DEBTOR

I(We), the undersigned debtor(s), hereby declare under penalty of perjury that the information set forth in the amendment(s) attached hereto, consisting of 3 pages, is true and correct to the best of my(our) information and belief.

Dated:  Dated:

/s/ Jose Garcia-Rivera
Debtor's Signature  Joint Debtor's Signature

### INSTRUCTIONS

1. Use this cover sheet ONLY when filing amended petitions, lists, schedules and statements. *Do not use an amendment cover sheet when submitting amended plans or amendments to plans.*
2. Include the word "Amended" in the title of each amended document.
3. Amendments to property schedules (A and B), creditor schedules (D, E, and F), or income/expenses schedules (I and J) must be accompanied by an amended Summary of Schedules. Updates to the schedule totals will not be made unless the summary is filed.
4. Amendments to add creditors or change their names/addresses must consist of the amended schedule(s) with a notation to the right of the creditor entry of "A" if the creditor is being added or "C" if it is being changed. **Failure to include "A" and "C" notations on amended schedules may result in duplicate or multiple listings on master mailing lists.**
5. Amendments which add or change creditors must be accompanied by a separately filed amended matrix containing ONLY the additions/changes so that the creditors may be downloaded into the case. The matrix must not contain the "A" or "C" notations.
6. When e-Filing an amended matrix, you must submit two separate files: a PDF file containing the amendment cover sheet for the matrix, and a text file containing the creditors in the standard master address list format. These two files **must** be uploaded together.
7. Federal Rule of Bankruptcy Procedure 1009 requires the debtor to give notice of an amendment to the trustee and to any entity affected thereby. **Notice of the amendment WILL NOT be given by the Clerk's Office.** To comply with this requirement, the debtor's attorney or *Pro Se* debtor must give notice to the trustee and any entity affected by the amendment by serving all previous court notices including, but not limited to, the notice of meeting of creditors, discharge of debtor, etc. A proof of service, indicating that service has been made, must be filed with the court.
8. Checks and money orders should be payable to "Clerk, U.S. Bankruptcy Court." **(NOTE: No personal checks will be accepted.)**

EDC 2-015 (Rev. 7/09)

# United States Bankruptcy Court
## Eastern District of California

IN RE:

Garcia-Rivera, Jose
_____
Debtor(s)

Case No. 2009-30237

Chapter 7

## AMENDED SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 221,700.00 | | |
| B - Personal Property | Yes | 3 | $ 227,650.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 337,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $ 20,000.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 7 | | $ 651,100.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 1,800.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | $ 3,827.00 |
| TOTAL | | 20 | $ 449,350.00 | $ 1,008,100.00 | |

1

# United States Bankruptcy Court
# Eastern District of California

IN RE:

Garcia-Rivera, Jose
_____
Debtor(s)

Case No. 2009-30237

Chapter 7

## AMENDED STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☑ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| TOTAL | $ |

State the following:

| Average Income (from Schedule I, Line 16) | $ |
|---|---|
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | $ |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ |

EXHIBIT B

MEHLMAN LAW GROUP
Steven J. Mehlman, Esq.
3050 Citrus Circle, Suite 203
Walnut Creek California 94598
Tel: (925) 935-3575
Fax: (925) 935-1789
e-mail: steven@mehlmanlawgroup.com

October 20, 2011

**Via U.S. Mail & email**
michaelmcg@pacbell.net
Michael D. McGranahan
P.O. Box 5018
Modesto, CA 95352

**Re: In re: Jose Garcia-Rivera, Eastern District of CA, Petition No: 09-30237**

Dear Mr. McGranahan:

    Our office represents Gary Gramespacher, a former business partner of debtor Jose Garcia-Rivera. The partnership consisted of Mr. Gramespacher, Mr. Garcia-Rivera, and another individual, Steve Arelliano, and was in business for a period of approximately three months in late 2008. The debtor, after the bankruptcy case was initially declared a no asset case and the debtor was discharged, reopened the bankruptcy in June 2010 and sought to add an alleged partnership interest as a bankruptcy asset, in the amount of $220,000.00.[1] Since apparently neither you nor the court was aware of debtor's attempt to add the assets, the case was closed in July, 2010, without any administration or abandonment of the alleged partnership interest.

    In September, 2010, debtor filed suit in Contra Costa County Superior Court against my client, Mr. Arelliano, and my client's sole proprietorship, seeking the alleged partnership interest (Contra Costa County case no: MSC10-02712). In August, 2011, a demurrer was sustained by the Court on the grounds that the alleged interest remained property of the bankruptcy estate, and that debtor lacked standing to pursue the claim for the alleged interest.

    In debtor's case management statement, which my office received yesterday October 19, 2011, he indicated in paragraph 12 ( a copy of which is attached) that he was in contact with your office and that you were prepared to sign a stipulation in the bankruptcy court authorizing the abandonment of any interests in

---

[1] In fact, the partnership actually lost $1485.00, and our client who paid that loss, has a claim for one-third of the loss against Mr. Jose Garcia-Rivera. Our client also has claims in the amount of $4852.50 for the debtor's share of unpaid rent and utilities, and an additional $1000.00 loan for an loan to the debtor to attend a funeral in Mexico. Our client would like to pursue these claims in the bankruptcy if it is re-opened to abandon Mr. Jose Garcia-Rivera's claim, because our client has knowledge of assets which Mr. Jose Garcia-Rivera did not include on his schedules and concealed from the Court, U.S. Trustee and Bankruptcy Trustee as discussed hereinafter and as set forth in the attached declaration of our client.

MEHLMAN LAW GROUP

this case.[2] Until we received this statement, our office was unaware that you had been in contact with the debtor regarding this case, as the debtor and his attorneys have given no notice to us of any communications with you or the bankruptcy court. Furthermore, the bankruptcy does not appear to have been reopened (based upon our review of the docket, which only shows a reopening fee was paid yesterday, though no accompanying motion has yet been filed). While the debtor has indicated that you are willing to abandon any interest back to the debtor, we respectfully submit that such an abandonment would be inappropriate, for a number of reasons.

The first, and most glaring problem with the debtor's alleged interest which he seeks to have abandoned is that the partnership, for the time it was active in late 2008, was not profitable, and actually resulted in a net loss. Debtor's claim for a partnership interest is, in reality, a liability for the losses incurred by the partnership, for which my client would have a claim against the debtor to pursue in the bankruptcy. We strongly feel that any possible claim that debtor may present for commissions (which our client also disputes)would be outweighed by losses incurred by the partnership, of which debtor would have been responsible for one-third. Therefore, rather than abandoning the alleged claims involved in debtor's civil suit, we would prefer to negotiate with you directly, to review the partnership accounting and settle any, however improbable and unfounded, commissions claims with you directly, rather than in subsequent litigation with the debtor.

The second issue that concerns us with your stipulation with the debtor is that the debtor has had a record of actively misleading the bankruptcy court and trustees. Not only is the amount of debtor's alleged partnership interest on his amended schedules a fabrication (as the partnership was not profitable at all), but the debtor has actively concealed assets from the bankruptcy court during his bankruptcy, even going so far as to brag about his concealment to our client whilst they were business co-tenants during and after the bankruptcy. While the debtor indicated in his bankruptcy petition that he was unemployed, in fact he was operating a business at the same location at which our client operated his own used automobile dealership after the partnership dissolved. I have enclosed a declaration which my client has signed and is prepared to file in Mr. Garcia-Rivera bankruptcy in the event that bankruptcy is re-opened and debtor's stipulation for abandonment is filed. This declaration demonstrates that Mr. Garcia-Rivera was hiding assets, which should be investigated by you and the U.S. Trustee.

Given both the nature of the alleged assets that debtor is asking you to abandon, as well as the debtor's propensity to mislead both you and the Bankruptcy Court, we respectfully request that you not sign any stipulation to abandon assets to Mr. Garcia-Rivera, and, if you have already signed the stipulation, advise the court immediately to withdraw the stipulation, so that you can accurately discern the true nature and value of the interests debtor seeks to have you abandon, as well as investigate whether Mr. Rivera-Garcia has misrepresented his assets to the bankruptcy court so that his discharge should be set aside and

---

[2] While debtor has alleged a partnership interest in the state court lawsuit, in subsequent communications from debtor's attorney in the civil case, David Hermelin, debtor also claims that he is owed commissions for vehicle sales as a salesman, rather than an interest in the partnership. Whether you are also abandoning any claims for commissions back to the debtor is unclear from Mr. Hermelin's case management statement.

Michael D. McGranahan
October 20, 2011
Page 3

his bankruptcy dismissed. We also wish an opportunity to file opposition to the entry of any order on the stipulation, if you are still inclined to enter such a stipulation.

Very truly yours,<br>
MEHLMAN LAW GROUP<br>
<br>
Steven Mehlman

SJM/tjl
Enclosures
cc: David Hermelin
   Peter C. Pappas
   Jacob M. Barlev